UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| NETCRACKER TECHNOLOGY SOLUTIONS, INC., | : | Case No. 1:13-cv-237 |
| | : | |
| Plaintiff, | : | Judge Timothy S. Black |
| | : | |
| vs. | : | |
| | : | |
| MICHELLE A. NOWAK, | : | |
| | : | |
| Defendant. | : | |

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS (Doc. 10)**

This civil action is before the Court on Defendant's motion to dismiss (Doc. 10), and the parties' responsive memoranda (Docs. 13, 14).[1]

## I. FACTS AS ALLEGED BY THE PLAINTIFF

For purposes of this motion to dismiss, the Court must: (1) view the complaint in the light most favorable to Plaintiffs; and (2) take all well-pleaded factual allegations as true. *Tackett v. M&G Polymers*, 561 F.3d 478, 488 (6th Cir. 2009).

Plaintiff's complaint presents a state law claim for breach of contract. The primary basis for Plaintiff's complaint is that Defendant is employed by a competitor of Plaintiff in violation of the parties' covenant not to compete.

---

[1] Defendant requests oral argument on this motion. (Doc. 10). The Court finds, however, that the pleadings are clear on their face, and that oral argument is not necessary. *See Whitescarver v. Sabin Robbins Paper Co.*, Case no. C-1-03-911, 2006 U.S. Dist. LEXIS 51524, at *7 (S.D. Ohio July 27, 2006) (C. J. Dlott) ("Local Rule 7.1(b)(2) leaves the Court with discretion whether to grant a request for oral argument.").

### A. Defendant's Employment

On or about April 1, 2010, Convergys Information Management Group, Inc. ("Convergys") hired Defendant as Director of Sales. (Doc. 1 at ¶ 9). Defendant became Director of Product Strategy for Convergys in January 2012. (*Id.*) Plaintiff acquired Convergys during Defendant's employment, and Defendant became an employee of Plaintiff as a result. (*Id.*)

During her employment with Plaintiff, Defendant had access to Plaintiff's trade secrets, confidential and proprietary information, and products and services delivery methodology. (*Id.* at ¶ 10). Defendant was intimately familiar with Plaintiff's current and potential clients, including the clients' rates, needs, and contacts. (*Id.*) Defendant was highly knowledgeable about all of the following: Plaintiff's confidential strategic business plan; potential clients from whom Plaintiff was attempting to secure business; price-bid margins; strengths and weaknesses of Plaintiff's products, services, and development; and Plaintiff's innovative methodologies, marketing and marketing processes, and methods of operation. (*Id.*)

### B. The Agreement

Plaintiff's trade secrets, confidential and proprietary information, customer relationships, and strategic business development plans have significant economic value to Plaintiff. (*Id.* at ¶ 14). Plaintiff has a legitimate business interest in keeping such information confidential and not allowing the information to be disclosed to its competitors through any improper means. (*Id.*) Plaintiff's trade secrets, confidential and proprietary information, customer relationships, and strategic business development plans

would be of significant economic value to its competitors. (*Id.* at ¶ 15). As such, Plaintiff requires all of the individuals it employs to agree to execute non-disclosure and non-competition agreements where permitted by law. (*Id.* at ¶ 16).

At the start of Defendant's employment with Plaintiff, and in consideration of that employment and the associated benefits, Defendant signed a Non-Disclosure and Non-Competition Agreement (the "Agreement"). (*Id.* at ¶ 17). In the Agreement, Defendant acknowledged that she would have access to certain confidential information of Plaintiff. (*Id.* at ¶ 18). Defendant agreed that she would not engage in competition with Plaintiff. (*Id.* at ¶ 19). Specifically, the Agreement states in relevant part:

> Employee agrees that, during the Employee's employment and for a period of one year following Employee's termination or separation (for any reason), Employee will not accept employment or engage in any business activity (whether as a principal, partner, joint venture, agent, employee, salesperson, consultant, independent contractor, director or officer) with a 'Competitor' of the Company where such employment would involve Employee:
>
> (i) providing, selling or attempting to sell, or assisting in the sale or attempted sale of, any services or products similar to those services of products with which Employee had any involvement or Information during Employee's employment with the Company (including any products or services being researched or developed by the Company during Employee's employment with the Company); or (ii) providing or performing services that are similar to any services that Employee provided to or performed for the Company during Employee's employment with the Company.

(*Id.*) Moreover, Defendant agreed that for a period of one year following her employment with Plaintiff, she would not communicate with customers from which Plaintiff generated revenue in Defendant's last year of employment at Plaintiff or any prospective customers known to Defendant during this same time period for the purpose

3

or intention of attempting to sell any a competitor's products or services or divert business from the customer/prospective customer away from Plaintiff. (*Id.* at ¶ 19).

Plaintiff's trade secrets, confidential and proprietary information, customer relationships, and strategic business development plans are unique to Plaintiff. (*Id.* at ¶ 24). This information was disclosed to Defendant solely due to her employment relationship with Plaintiff and in reliance on her commitment to keep such information confidential and not to compete against Plaintiff. (*Id.* at ¶ 25).

### C. Defendant's Resignation

On or about November 2, 2012, Defendant resigned from her employment with Plaintiff. (*Id.* at ¶ 26). Defendant is now employed at CSG International ("CSG") as Vice President of Product Marketing. (*Id.* at ¶ 32; Doc. 10-1 at 3). CSG is a company that provides business-critical software systems and services to its clients in areas including revenue management, content management and monetization, customer interaction management, and analytics and intelligence. (*Id.* at ¶ 27). CSG is a "competitor"[2] of Plaintiff. (*Id.*)

As a result, Plaintiff brought the instant action for breach of contract.

---

[2] As defined in the Agreement, a "Competitor" is "any business or entity that, at any time during the one-year period following Employee's termination or separation provides or seeks to provide, any products or services (including those being researched or developed) similar to or related to any products sold or any services provided by the Company or with which Employee had any involvement or Information at any time during Employee's employment with the Company (including those services or products being researched or developed during Employee's employment with the Company)." (Doc. 1, Ex. A at ¶ 4).

## II.     STANDARD OF REVIEW

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) operates to test the sufficiency of the complaint and permits dismissal of a complaint for "failure to state a claim upon which relief can be granted." To show grounds for relief, Fed. R. Civ. P. 8(a) requires that the complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief."

While Fed. R. Civ. P. 8 "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). Pleadings offering mere "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (citing *Twombly*, 550 U.S. at 555). In fact, in determining a motion to dismiss, "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation[.]'" *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265 (1986)). Further, "[f]actual allegations must be enough to raise a right to relief above the speculative level[.]" *Id.*

Accordingly, in order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678. A claim is plausible where "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Plausibility "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (*citing* Fed. Rule Civ. Proc. 8(a)(2)).

### III. ANALYSIS

In support of her 12(b)(6) motion, Defendant argues that Plaintiff's breach of contract claim is insufficient because: (1) the Agreement's covenant not to compete is not enforceable as a matter of law; and (2) Plaintiff has not sufficiently pled facts to show that Defendant breached the Agreement. (Doc. 10-1 at 4).

Under Ohio law, a breach of contract claim requires the plaintiff to plead: "the existence of a contract, performance by the plaintiff, breach by the defendant, and damage or loss to the plaintiff." *Doner v. Snapp*, 649 N.E.2d 42, 44 (Ohio App. 1994).

#### A. Enforceability of the Covenant

First, Defendant argues that Plaintiff's complaint should be dismissed because the Agreement's covenant not to compete is not enforceable as a matter of law. (Doc. 10-1 at 5).

The court determines whether a covenant not to compete is valid and enforceable. *UZ Engineered Products Co. v. Midwest Motor Supply Co.*, 770 N.E.2d 1068, 1078 (Ohio App. 2001). Under Ohio law, "a covenant not to compete which imposes unreasonable restrictions upon an employee will be enforced to the extent necessary to protect the employer's legitimate interests." *Raimonde v. Van Vlerah*, 325 N.E.2d 544, 547 (Ohio 1975). A restriction "is reasonable if it is no greater than is required for the

6

protection of the employer, does not impose undue hardship on the employee, and is not injurious to the public." *Id.*

In support of her motion, Defendant relies on *Brentlinger Enterprises v. Curran*, 752 N.E.2d 994 (Ohio App. 2001),[3] specifically: "Generally, the only business interests which have been deemed sufficient to justify enforcement of a non-compete clause against a former employee are preventing the disclosure of the former employer's trade secrets or the use of the former employer's proprietary customer information to solicit the former employer's customers." *Id.* at 1001.  Defendant argues that Plaintiff fails to state a claim because Plaintiff "does not allege that Defendant is using Plaintiff's trade secrets or stealing Plaintiff's customers."  (Doc. 10-1 at 7).

The Court disagrees.  Even if the Court was to accept Defendant's position that Plaintiff made no allegation of Defendant disclosing trade secrets or stealing customers, such an allegation is not required to adequately state a claim for breach of contract. Accordingly, the Court declines to determine the enforceability of the covenant not to compete until the parties have had an adequate opportunity to develop a factual record.

**B. Sufficiency of the Complaint**

Next, Defendant claims that Plaintiff's complaint should be dismissed for failure to allege that Defendant breached the Agreement.  (Doc. 10-1 at 7).

Plaintiff maintains that Defendant is employed by CSG, an alleged competitor of Plaintiff, as Vice President of Product Marketing.  (Doc. 1 at ¶¶ 27, 32).  Plaintiff's

---

[3] The case law cited by Defendant on this issue focuses on fact-specific inquiries at the summary judgment and trial stages.  It is inapposite to apply such analysis to a motion on the pleadings.

7

complaint states, "By accepting employment with CSG as the Vice President of Product Marketing, Nowak is in violation of the Agreement she signed during her employment with NetCracker." (*Id.* at ¶ 34).

Defendant contends that Plaintiff's claim fails to properly allege a breach because simply working for a competitor is not enough for a breach. (Doc. 10-1 at 8). In order "to violate the Agreement, Defendant must also be selling or providing services or products that are similar to those Defendant performed for Plaintiff, in violation of the noncompete's subsection (i) or (ii)." (*Id.*)

Considering the facts in the light most favorable to Plaintiff, a court could potentially infer that Defendant has violated the Agreement based on the similarity in Defendant's titles – Director of Product Strategy and Vice President of Product Marketing – and the allegation that CSG is a competitor of Plaintiff.[4] Accepting Plaintiff's contentions that CSG is a competitor of Plaintiff and that Defendant is employed as Vice President of Product Marketing at CSG, a court could reasonably infer that Defendant is providing, selling, or attempting to sell products, or providing or performing services similar to those provided by Plaintiff during the time of Defendant's employment with Plaintiff. Although such an inference might be attenuated, it is plausible.

---

[4] Defendant introduced a letter from Defendant's counsel sent to Plaintiff, which denies that Defendant is in violation of the Agreement. The Court has considered the letter, but does not find it dispositive of Plaintiff's complaint. (*See* Doc. 10-2).

## IV.  CONCLUSION

Accordingly, for the foregoing reasons, Defendant's motion to dismiss (Doc. 10) is **DENIED**.

**IT IS SO ORDERED**.

Date:  8/26/13                                                              *s/ Timothy S. Black*
                                                                            Timothy S. Black
                                                                            United States District Judge